## UHLMAN v CITY LOAN & SAVINGS CO.

Ohio Appeals, 2nd Dist, Miami Co.

No. 378.   Decided Jan. 19, 1940.

Meredith & Meredith, Lima, for defendant-appellant.

A. W. and J. H. DeWeese, Piqua, for plaintiff-appellee.

## OPINION

By GEIGER, J.

This cause had its inception in the Municipal Court of Piqua, Miami County, Ohio. In that court. the plaintiff filed his petition alleging that on the 11th day of February, 1938, a judgment was rendered against defendant, Mumm, in favor of plaintiff, in the sum of $149.21, and that on the 14th day of February, 1938, plaintiff caused an execution to be issued against the property of Mumm which was on the 5th day. of April levied on an Oldsmobile Touring Coupe, and returned on the 11th day of May. It is alleged that the City Loan & Savings Co. claims some interest in the property by reason of chattel mortgages. but that said mortgages also cover other property and chattels, to-wit, household goods in addition to the property levied on under the execution issued on the plaintiff's judgment, and that such additional property is sufficient to pay the claim of the defendant, The City Loan & Savings Co. Plaintiff prays that the property levied upon, to-wit, the automobile, be ordered sold and that the defendant be required to sell all the property covered by its mortgages and apply to the payments of its claims, the proceeds from the sale of the property not covered by the execution and that the Court make proper application of the funds.

To this petition an answer was filed by the City Loan & Savings Company, alleging as a first defense that the Municipal Court has no jurisdiction over the defendant. As a second defense, it is alleged that at the times complained of it was authorized as a loan company in accordance with §6346-1 GC et seq; that on December 29, 1937, it loaned the defendant, Mumm and his wife, the sum of $1,000.00 evidenced by a promissory note, repayable at the rate of $92.00 per month; that the note was secured by chattel mortgage on the automobile described in the plaintiff's petition, together with other goods; that Mumm was the owner of the automobile and his wife the owner of the other goods. It is stated that on the 23rd day of April, 1938, the makers of the note were in default and that the defendant, Mumm, on said day in consideration of a credit of $450.00 on said loan, executed to the defendant a bill of sale for the automobile; that at that time defendant had no notice of the judgment of the plaintiff or of the execution; that the defendant is the owner of the automobile and the plaintiff has. no interest therein. It is further averred that in the event that it should appear that there was a valid levy upon the automobile at the time the loan company received the bill of sale, that at that time defendant had a valid first lien by virtue of its mortgage. It is further averred that there is no common creditor between the plaintiff and the answering defendant; that the other goods belong to Freda Mumm, the wife of the defendant R. A. Mumm, and that the same were exempt from execution against anyone save the mortgagee, loan company, and that it would be unjust to compel the defendant to foreclose the mortgage and deprive R. A. Mumm and Freda Mumm of their exemption.

To this answer a reply is filed, admitting certain allegations as to the loan and the mortgage securing the same. It is further alleged that R. A. Mumm did not execute to the loan company a bill of sale to his automobile until the 26th day of May, and that the loan company had actual knowledge of the execution prior thereto.

The cause was heard and a jury waived, and the court found that it had jurisdiction; that the plaintiff had a valid execution on the automobile of which levy the loan company had knowledge at the time it attempted to exercise control of the car and repossess the same; that the loan company had a valid mortgage on the car, which mortgage covered additional security by way of household goods belonging to R. A. Mumm; that the additional security held by the loan company was more than sufficient to satisfy their note and mortgage, but that it permitted Mumm to dispose of said property, subsequent to the filing of the action and to convert the same to his own

use with full knowledge on the part of the loan company; that the automobile was subject to the execution levied until the plaintiff's judgment against Mumm is satisfied.

It was decreed that the loan company, within ten days should return the automobile to the officers of the court or else pay the balance remaining due on plaintiff's judgment against Mumm in the sum of $110.00.

A motion for new trial was filed and overruled and it was adjudged that the loan company return the automobile to the officers or else pay the balance of the plaintiff's judgment against Mumm.

The loan company gave notice of appeal to this court on questions of law and fact.

If this appeal was properly made and the case was a chancery case, the appellants are entitled to be heard de novo in this court.

There appears among the papers, but not in any way identified, except by the file mark, what purports to be testimony taken before Madolyn R. Collins, a notary public, on March 29, 1939. This testimony is captioned, "Court of Appeals of Miami County, Ohio. F. W. Uhlman, Doing Business as the J. W. Brown Store, Appellant-Plaintiff v R. A. Mumm, etc. Appellant-Defendant."

Counsel for appellant stated that the cause was pending on questions of law and fact and insisted that the evidence of the plaintiff, Uhlman, d.b.a. The Brown Store, be submitted at this time. Thereupon Mr. DeWeese, counsel for Uhlman, states that Uhlman, d.b.a. The Brown Store, for its evidence in the court of appeals, submits the testimony offered on behalf of the plaintiff in the case tried in the municipal court of Piqua, and further intends to supplement such testimony with a deposition of the bailiff who made the levy. He further states that he desires to introduce certain evidence given at the trial in the Municipal Court pertaining to the ownership of the household goods. Also testimony as to the cause of repossession of the automobile, together with exhibits introduced at the trial in the Municipal Court.

Counsel for appellee made objection to every part thereof for the reason that the matter is pending on appeal on questions of law and fact and that no transcription of the evidence in the trial court has been had and that certain witnesses are present before the stenographer and counsel move that the case be dismissed as to the loan company.

Thereupon witnesses were sworn and examined before the notary as to the issues made by the pleadings. Such testimony covered 17 pages of the "testimony" submitted. On the 18th page, et seq. appears testimony taken at the trial of the case in the Municipal Court, to which also is appended certain exhibits submitted in the Municipal Court.

Counsel have filed briefs which are not helpful upon the question we think vital to our determination. All we have before us is what purports to be evidence taken before the notary after the case was pending in this Court, together with evidence taken and exhibits offered in the Municipal Court. None of the formalities required to perfect a bill of exceptions have been complied with and none of the provisions of the section dispensing with the formal allowance appear in the record. There is no agreement between counsel that the testimony offered is the testimony to be considered by this court in the trial of the cause de novo on the appeal from the municipal court on law and fact. The "testimony" offered is unidentified. It presents no credentials entitling it to be considered in this court. That portion of it which purports to be a transcript of the testimony taken in the court below and the exhibits are entirely without identification. No Master Commissioner was appointed to take testimony. The case having been appealed on questions of law and fact, was before this Court for trial de novo the judgment of the lower court having been suspended by the appeal. **Sullivan v Cloud, Oh Bar, January, 1940, 62 Oh Ap 462; In re Habant, Oh Bar, Jan. 8, 1940, 62 Oh Ap 522.**

There is no evidence before us, so identified as to be the basis for a judgment. There is entire failure of proof on behalf of the plaintiff.

But should it be made to appear that the evidence is before this Court, so that it may be properly considered, a further question is to be examined. The defendant loan company has during the entire proceeding insisted that the Municipal Court of Piqua had no jurisdiction over it or over the subject matter. The principal office of the loan company was in Lima and it had no branch office in Piqua so far as disclosed. The service was made upon an officer of the loan company in Lima by the bailiff of the Municipal Court. The loan company answered, disclaiming entry of appearance.

The automobile to which the controversy relates, was at the time the action was brought located in Darke County, having been taken by the loan company by reason of its mortgage, and afterwards by the company sold to one of its officers living in Greenville, Darke County. This being an action to marshal liens, should have been brought in the county where the chattel was located at the time of the bringing of the action.

There is an allegation to the effect that there was a levy upon this automobile by virtue of the judgment secured by the plaintiff. Among the papers there is what purports to be an execution issued to the bailiff of the Municipal Court upon which the return appears to the effect that he levied upon the property enumerated in the schedule. There is no schedule attached and no way for us to determine whether his return had reference to the automobile or to some other property belonging to the defendant, or if any levy was made at all. When the depositions were being taken there was a statement made to the effect that the plaintiff's attorney intended to produce a deposition or an affidavit of this bailiff, presumably to supplement the return by him made, but it appears that this bailiff had deceased prior to the taking of the testimony. There is a statement in the testimony to the effect that the bailiff went to the place where the automobile was in storage and opened the door of the garage and made some other demonstration, not sufficient to show a levy.

Considering these matters, we arrive at the conclusion that the Municipal Court of Piqua never had jurisdiction to proceed to the judgment rendered by it. It may be true that the allegations of the petition were sufficient, but the evidence did not support the allegations.

For the reasons stated, including lack of evidence in this Court, we enter judgment for the defendant.

HORNBECK, PJ. & BARNES, J., concur.